UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PATRICIA ROSS,

    Plaintiff,

  v.            Case No. 21-CV-522

JAMES F. KLAJBOR and
WHITE KEVIN THOMAS,

    Defendants.

## ORDER

On July 8, 2022, the court granted Patricia Ross's motion to proceed without prepayment of the filing fee but ordered her to file a second amended complaint. (ECF No. 11.) In doing so, the court stated, "Although it does not appear that Ross's allegations are likely to support any claim that this court can consider, given Ross's pro se status the court will give her an opportunity to attempt to amend her complaint a second time." (ECF No. 11 at 6.) On July 19, 2022, Ross filed a second amended complaint. (ECF No. 13.) Therefore, the court must review her second amended complaint to determine whether it is sufficient to proceed. 28 U.S.C. § 1915.

Ross alleges that on December 7, 2015, James F. Klajbor, an attorney at Kohn Law Firm, S.C., filed an action in Milwaukee County Circuit Court to collect over $3,000 in property taxes. (ECF No. 13 at 2.) The court granted judgment, but Ross argues she never received notice of the court dates. (ECF No. 13 at 2.) Ross also identifies White Kevin Thomas (his name is actually Kevin Thomas White) as another person who worked at the Kohn Law Firm and names him as a defendant as well. (ECF No. 13 at 3.)

Ross states she is seeking lost income of $9,000 per year, but then states she is seeking lost income in the amount of $18,000 per year. (ECF No. 13 at 4.) She also seeks $8,500 that she allegedly paid to keep her home. (ECF No. 13 at 4.)

Ross's second amended complaint is not materially different than the amended complaint that the court found to be insufficient. Ross's allegations do not suggest any plausible federal cause of action against the defendants. But, more importantly, at its core the complaint seeks to undo a judgment of the Wisconsin Circuit Court. A federal district court cannot grant such relief. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Ritter v. Ross*, 992 F.2d 750, 755 (7th Cir. 1993). Because the second amended complaint fails to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii),

**IT IS THEREFORE ORDERED** that the second amended complaint and this action are dismissed. The Clerk shall enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment (60 days if one of the parties is, for example, the United States, a United States agency, or a United States officer or employee sued in an official capacity). See Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if

any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 1st day of September, 2022.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge